Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Kelsey M. Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., d/b/a "Michael Grecco Photography", a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PARAMOUNT GLOBAL, individually, and doing business as "Paramount," and formerly doing business as "ViacomCBS," a Delaware Corporation; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. **Copyright Infringement (17 U.S.C. § 106)**<br>2. **Vicarious Copyright Infringement**<br>3. **Contributory Copyright Infringement**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff, Michael Grecco Productions, Inc. ("Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff MICHAEL GRECCO PRODUCTIONS, INC., d/b/a "Michael Grecco Photography" ("Grecco"), is a California corporation organized and existing under the laws of the state of California with its principal place of business at 3103 17th Street, Santa Monica, California 90405. Plaintiff's principal, Michael Grecco, is an award-winning commercial photographer noted for his iconic celebrity portraits, magazine covers, editorial images and advertising spreads.

5. Plaintiff is informed and believes and thereon alleges that Defendant PARAMOUNT GLOBAL ("Paramount"), individually and doing business as "Paramount," and formally doing business as "ViacomCBS," is a Delaware corporation and is doing business in and with the State of California, including, but not limited to through its offices located at 4024 Radford Avenue, Studio City, CA 91604; 5555 Melrose Ave, Los Angeles, CA 90038; 1575 N Gower St, Los Angeles, CA 90028; 2900 W Alameda Ave, Burbank, CA 91505; 2450 Colorado Ave #500e, Santa Monica, CA 90404.

6. Defendants DOES 1 through 10, (collectively with Paramount, "Defendants") inclusive, are other parties who have infringed Plaintiff's copyright,

have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH A

8. Plaintiff owns the original photograph depicting the cast of the Television series "Star Trek: Deep Space Nine," which was registered with the United States Copyright Office under Registration Number VA 1-298-833, effective December 3, 2004 ("Subject Photograph A"). Grecco is the sole and exclusive owner of the copyrights in and to Subject Photograph A.

9. Subject Photograph A was taken subject to an agreement between Grecco and Paramount under which Grecco retained ownership of all copyrights to and in Subject Photograph A and Paramount was granted a license for use of the Subject Photograph A for advertising and publicity (the "Agreement"). No third-party use of Subject Photograph A is permitted without express permission from Grecco.

10. Plaintiff is informed and believes, and thereon alleges that following the execution of the Agreement, Paramount, DOE Defendants, and each of them used

Subject Photograph A without Plaintiff's authorization for commercial purposes in various ways outside the scope of the Agreement, including, but not limited to licensing the Subject Photograph A for the promotion and sale of merchandise and use on websites such as www.tvguide.com and www.vudu.com.

11. An image of Subject Photograph A and screen captures depicting nonexclusive exemplars of Defendants' infringing uses are set forth hereinbelow:

**Subject Photograph A**



## Screen Captures



**Product Description**



**Star Trek: Deep Space Nine Athletic T Shirt & Stickers**

Take a trip into deep space – well, Deep Space 9, that is, one of the Star Trek universe's most important space stations in the Alpha Quadrant. Show your fondness of the space station with this vintage-style, distressed imagery on this charcoal-colored tee. In addition, you will receive two exclusive die-cut stickers: one featuring the Star Trek Badge, the other featuring the space station itself. All of our products are officially licensed and 100% authentic.



## CLAIMS RELATED TO SUBJECT PHOTOGRAPH B

12.     Plaintiff owns the original photograph of the character Jadzia Dax from the television series "Star Trek: Deep Space Nine" ("Subject Photograph B") that was registered with the United States Copyright Office at Registration Number VA 1-736-729 effective July 7, 2010. Grecco is the sole and exclusive owner of the copyrights in Subject Photograph B.

13.     Subject Photograph B was taken subject to the Agreement, under which Grecco also retained ownership of all copyrights to and in Subject Photograph B and Paramount was granted a license for use of Subject Photograph B for advertising and publicity. No third-party use of Subject Photograph B is permitted without express permission from Grecco.

14.     Plaintiff is informed and believes and thereon alleges that following the execution of the Agreement, Paramount, DOE Defendants, and each of them used Subject Photograph B without Plaintiff's authorization for commercial purposes in various ways outside the scope of the Agreement, including, but not limited to licensing Subject Photograph B for use on merchandise sold at websites such as www.buycoolshirts.com, www.hottrendtee.com, www.sonsofgotham.com, www.walmart.com, www.stopcrown.com, and www.shop.stratrek.com.

/ / /

/ / /

/ / /

1    15.    Images of Subject Photograph B and screen captures depicting exemplars
2  of Defendants' infringing uses are set forth hereinbelow:

### Subject Photograph B



### Screen Capture





COMPLAINT

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH C

16.     Plaintiff owns the original photograph depicting character Julian Bashir from the television series "Star Trek: Deep Space Nine" (the "Subject Photographs C") that were registered with the United States Copyright Office at Registration Number VA 2-277-528, effective December 2, 2021. Grecco is the sole and exclusive owner of the copyrights in the Subject Photographs C.

17.     Subject Photograph C were taken subject to the Agreement, under which Grecco also retained ownership of all copyrights to and in the Subject Photographs C and Paramount was granted a license for use of Subject Photographs C for advertising and publicity. No third-party use of Subject Photograph C is permitted without express permission from Grecco.

18.     Plaintiff is informed and believes and thereon alleges that following the execution of the Agreement, Paramount, DOE Defendants, and each of them used Subject Photograph C without Plaintiff's authorization for commercial purposes in various ways outside the scope of the Agreement, including, but not limited to licensing the Subject Photographs C for use on merchandise sold at websites such as www.shop.royalmail.com and www.startrek.com, as well as publishing Subject Photograph C online.

/ / /

/ / /

/ / /

1    19.    Images of Subject Photographs C and screen captures depicting

2  nonexclusive exemplars of Defendants' infringing uses are set forth hereinbelow:

**Subject Photograph C**



**Screen Capture**



## CLAIMS RELATED TO SUBJECT PHOTOGRAPH D

20.    Plaintiff owns the original photograph depicting character Julian Bashir from the television series "Star Trek: Deep Space Nine" ("Subject Photographs D") that were registered with the United States Copyright Office at Registration Number VA 2-277-528, effective December 2, 2021. Grecco is the sole and exclusive owner of the copyrights in the Subject Photographs D.

21.    Subject Photograph D was taken subject to the Agreement, under which Grecco also retained ownership of all copyrights to and in Subject Photographs D and Paramount was granted a license for use of Subject Photograph D for advertising and publicity. No third-party use of Subject Photograph D is permitted without express permission from Grecco.

22.    Plaintiff is informed and believes and thereon alleges that following the execution of the Agreement, Paramount, DOE Defendants, and each of them used Subject Photograph D without Plaintiff's authorization for commercial purposes in various ways outside the scope of the Agreement, including, but not limited to licensing Subject Photographs D for use on merchandise sold at websites such as www.khols.com, www.shop.royalmail.com, www.aliexpress.com, www.ebay.com, www.grimytee.com, www.teeherivar.com, www.macys.com, www.amazon.com, www.startrek.com, as well as publishing the Subject Photograph D online.

/ / /

/ / /

/ / /

23. Images of Subject Photograph D and screen captures depicting nonexclusive exemplars of Defendants' infringing uses are set forth hereinbelow:

**Subject Photograph D**



**Screen Captures**




## CLAIMS RELATED TO SUBJECT PHOTOGRAPH E

24.     Plaintiff owns the original photograph depicting character Lieutenant Commander Worf from the television series "Star Trek: Deep Space Nine" (the "Subject Photographs E") that were registered with the United States Copyright Office at Registration Number VA 2-277-528, effective December 2, 2021. Grecco is the sole and exclusive owner of the copyrights in Subject Photograph E.

25.     Subject Photograph E was taken subject to the Agreement, under which Grecco also retained ownership of all copyrights to and in Subject Photograph E and Paramount was granted a license for use of Subject Photograph E for advertising and publicity. No third-party use of Subject Photograph E is permitted without express permission from Grecco.

26.     Plaintiff is informed and believes and thereon alleges that following the execution of the Agreement, Paramount, DOE Defendants, and each of them used Subject Photograph E without Plaintiff's authorization for commercial purposes in various ways outside the scope of the Agreement, including, but not limited to licensing Subject Photograph E for use on merchandise sold at websites such as, www.teeherivar.com, as well as publishing Subject Photograph E online.

/ / /

/ / /

/ / /

1        27.   Images of Subject Photograph E and screen captures depicting

2 nonexclusive exemplars of Defendants' infringing uses are set forth hereinbelow:

**Subject Photograph E**



**Screen Captures**



## CLAIMS RELATED TO SUBJECT PHOTOGRAPH F

28.     Plaintiff owns the original photograph depicting character Lieutenant Quark from the television series "Star Trek: Deep Space Nine" ("Subject Photographs F") that were registered with the United States Copyright Office at Registration Number VA 2-277-528, effective December 2, 2021. Grecco is the sole and exclusive owner of the copyrights in Subject Photograph F.

29.     Subject Photograph F was taken subject to the Agreement, under which Grecco also retained ownership of all copyrights to and in Subject Photograph F and Paramount was granted a license for use of Subject Photograph F for advertising and publicity. No third-party use of Subject Photograph F is permitted without express permission from Grecco.

30.     Plaintiff is informed and believes and thereon alleges that following the execution of the Agreement, Paramount, DOE Defendants, and each of them used Subject Photograph E without Plaintiff's authorization for commercial purposes in various ways outside the scope of the Agreement, including, but not limited to licensing Subject Photograph F for use on merchandise sold at websites such as, www.macys.com, www.amazon.com, and www.startrek.com, as well as publishing Subject Photograph F online.

/ / /

/ / /

/ / /

1    31.    Images of Subject Photograph F and screen captures depicting

2 nonexclusive exemplars of Defendants' infringing uses are set forth hereinbelow:

3 **Subject Photograph F**



**Screen Captures**



## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement (17 U.S.C. § 106) – Against all Defendants, and Each)

32.    Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

33.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Photograph A-E (collectively, the "Subject Photographs"), including, without limitation, through the Agreement, as well as through their publication by Grecco's clients, and through the unauthorized reproductions of the Subject Photographs by other third parties online.

34.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photographs including, without limitation, as depicted herein.

35.    Plaintiff is informed and believes and thereon alleges that the photographs used by Defendants, shown above, used the same elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the Subject Photographs and are identical or at least substantially similar to the Subject Photographs.

36.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by unlawfully reproducing, distributing, licensing, and creating infringing derivative works from the Subject Photographs and distributing same to the public.

37.    Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

38.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the

Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photograph in an amount to be established at trial.

39.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

**(For Contributory Copyright Infringement – Against all Defendants, and Each)**

40.    Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

41.    Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove Defendants knew or should have known that the sale of unauthorized reproductions of the Subject Photographs by affiliated and third-party distributors, including, but not limited to www.buycoolshirts.com, www.hottrendtee.com, www.sonsofgotham.com,  www.walmart.com, www.stopcrown.com, www.macys.com, www.amazon.com, and www.shop.royalmail.com, directly infringed the copyrights in and to the Subject Photographs.

42.    Defendants induced, caused, and materially contributed to the third-party distributors' direct infringement by, at a minimum, licensing unauthorized reproductions of the Subject Photographs on Deep Space Nine merchandise and/or selling and distributing products bearing unauthorized reproductions of the Subject Photographs to its third-party distributors for further sale and distribution.

43.    Defendants received substantial benefits in connection with its unauthorized reproduction and distribution of the Subject Photographs, including, but not limited to revenue received from the sale of products bearing unauthorized reproductions and derivatives of the Subject Photographs.

44.    Plaintiff alleges that Defendants committed contributory copyright infringement with actual knowledge or reckless disregard of its rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

45.    By reason of Defendants' acts of contributory infringement as alleged above, Plaintiff has been damaged and has suffered damages in an amount to be established at trial.

46.    Due to Defendants' acts of contributory copyright infringement as alleged herein, it has obtained direct and indirect profits it would not otherwise have realized but for its infringement of Plaintiff's rights in the Subject Photographs.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to its infringement of the Subject Photographs, in an amount to be established at trial.

47.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

### (For Vicarious Copyright Infringement – Against all Defendants, and Each)

48.    Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

49. Plaintiff alleges on information and belief that Defendants had the right and ability to supervise the infringing conduct of its affiliated and third-party distributors, by virtue of *inter alia* its contractual agreements with those distributors and had the right and ability to prevent the further distribution and sale of unauthorized reproductions of the Subject Photographs.

50. Defendants had a direct financial interest in the infringing activity because it received substantial benefits in connection with the unauthorized reproduction and distribution of the Subject Photographs for purposes of trade. Specifically, Defendants received revenue in connection with the sale of products bearing unauthorized reproductions and derivatives of the Subject Photographs, and was able to supervise the distribution, sale, and creation of said products.

51. Plaintiff alleges that Defendants committed vicarious copyright infringement with actual knowledge or reckless disregard of its rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

52. By reason of Defendants' acts of vicarious infringement as alleged above, Plaintiff has been damaged and has suffered damages in an amount to be established at trial.

53. Due to Defendants' acts of vicarious copyright infringement as alleged herein, it has obtained direct and indirect profits it would not otherwise have realized but for its infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to its infringement of the Subject Photographs, in an amount to be established at trial.

54. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the

Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

### **Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photographs, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photographs from their respective websites, catalogs, marketing and advertisement materials.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

c. That a constructive trust be entered over all Defendants' infringing uses of the Subject Photographs, and any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 505;

e. That Plaintiff be awarded its costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties under the

statues set forth above;

g.  That Plaintiff be awarded pre-judgment interest as allowed by law;

h.  That Plaintiff be awarded the costs of this action; and

i.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: April 6, 2022                    By:  */s/ Stephen M. Doniger*
                                             Stephen M. Doniger, Esq.
                                             Kelsey M. Schultz, Esq.
                                             DONIGER / BURROUGHS
                                             Attorneys for Plaintiff